UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 

-------------------------------------------------------------------------------x

ALEXANDRA ALBANO RICHARDSON,

    Plaintiff,

        -against-

WAL-MART STORES, INC., d/b/a WAL MART,

    Defendants.

-------------------------------------------------------------------------------x

**COMPLAINT**
**TRIAL BY JURY**
**DEMANDED**

**JUDGE RAMOS**

## PRELIMINARY STATEMENT

    The plaintiff brings this action against defendant pursuant to 42 USC section 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against WAL-MART STORES, INC., d/b/a WAL MART to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the the Laws and Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of her constitutional rights. In addition, this case is founded upon diversity jurisdiction. Plaintiff invokes the pendant jurisdiction of this court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorneys' fees and costs pursuant to 42 USC section 1988, and any other laws that may apply.

    It is alleged that the defendants made an unreasonable search and seizure of the person of plaintiff violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered the person of plaintiff, falsely arrested her, imprisoned her, and subjected her to malicious prosecution and excessive force contrary to 42 USC section 1983. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of WAL-MART STORES, INC., d/b/a WAL MART.

## JURISDICTION AND VENUE

    1.    This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is

based upon 28 U.S.C. Sections 1331 and 1343.

2.     This court has jurisdiction over the plaintiff's state law claims under the doctrine of pendent jurisdiction.

3.     All of the actions, omissions, and events complained of took place within the County of Westchester, State of New York, and within the venue of this court.

4.     The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

5.     Furthermore, Federal jurisdiction attaches by reason of complete diversity of the parties under 28 U.S.C. section 1332.

6.     Venue is proper pursuant to 28 U.S.C. section 1391, because the plaintiff resides and the incident arose in this district.

## PARTIES

7.     The plaintiff is a citizen of the United States and a resident of the County of Putnam, State of New York.

8.     Defendant WAL-MART STORES, INC., d/b/a WAL MART, is a foreign corporation, organized and existing under the laws of Delaware, which owns and operates stores  around the world and has a principal place of business in Arkansas, and pursuant to law is capable of suing and being sued in this court.

9.     Defendant WAL-MART STORES, INC., d/b/a WAL MART is responsible for the hiring training, supervision, retention, control and discipline of it's security staff.

10.    Defendant WAL-MART STORES, INC., d/b/a WAL MART is and was the employer of the security staff which detained plaintiff.

11.    Defendant WAL-MART STORES, INC., d/b/a WAL MART is also responsible for the operation, practices, and totality of conditions of the WAL MART STORE located at 3131 East main St., Cortlandt, NY.

12.    Defendant WAL-MART STORES, INC., d/b/a WAL MART is also responsible for the operation, practices, retention, hiring, supervision, training, control and discipline of the security staff who were employed at the WAL MART STORE

located at 3131 East main St., Cortlandt, NY.

13.     Defendant WAL-MART STORES, INC., d/b/a WAL MART is and was the employer of it's security staff employed at the WAL MART STORE located at 3131 East main St., Cortlandt, NY.

14.     Defendant WAL-MART STORES, INC., d/b/a WAL MART has, jointly and severally, a constitutional and statutory responsibility for the conditions at the WAL MART STORE located at 3131 East main St., Cortlandt, NY., and are jointly and severally responsible for ensuring that the operations of said business are in conformity with constitutional requisites.

15.     Defendant WAL-MART STORES, INC., d/b/a WAL MART was responsible for ensuring that their security staff obeyed the regulations of WAL-MART STORES, INC., d/b/a WAL MART the laws and the Constitution of the State of New York and the United States.

16.     Any security officer of  WAL-MART STORES, INC., d/b/a WAL MART involved in detaining plaintiff was at all times herein was acting in such capacity as the agent, servant and employee of WAL-MART STORES, INC., d/b/a WAL MART .

17.     Any security officer of  WAL-MART STORES, INC., d/b/a WAL MART involved in detaining plaintiff was at all times relevant to this complaint a duly appointed and acting security officer  of the WAL-MART STORES, INC., d/b/a WAL MART, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and WAL-MART STORES, INC., d/b/a WAL MART.

18.     At all times relevant hereto defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

19.     Upon information and belief, Defendant WAL-MART STORES, INC., D/b/a WAL MART is a state actors and subject to liability pursuant to 42 USC section

1983 in that the police rely on the store's employees to perform police functions, for example, the police detain accused shoplifters without making an independent investigation, and/or or pursuant to a customary plan between the store and the police department." <u>Youngblood v. Hy-Vee Food Stores, Inc.</u>, 266 F.3d 851, 855 (8th Cir. 2001), cert. denied 122 S.Ct. 1606 (2002).

20.     Upon information and belief, Defendant WAL-MART STORES, INC., d/b/a WAL MART is a state actor and subject to liability pursuant to 42 USC section 1983 in that, as in <u>Murray v. Wal-Mart, Inc.</u>, 874 F.2d 555, 559 (8th Cir. 1989), their store employee is a member of the local police force and/or has a close relationship with the local prosecutor.

## FACTS

21.     On January 17th, 2012, at approximately 3:30 a.m., at the WAL MART store located at 3131 East main St., Cortlandt, NY. the claimant was lawfully present on this business premises, having been shopping. Then, when plaintiff was attempting to peaceably leave through the front door, she was grabbed by the wrists by defendant's security staff and forcibly dragged into a back room of the store where she was falsely accused of shop lifting and subjected to verbal abuse including profanity. She was detained for over an hour in this room. Plaintiff was then transported to State Police Headquarters in handcuffs, was imprisoned for several hours until her arraignment, charged with petit larceny, a baseless charge initiated in bad faith. Then, plaintiff was subjected to a malicious prosecution of the baseless charge, which was dismissed on the merits on May 7, 2012, costing plaintiff $5,000 in defense costs.

22.     Plaintiff was lawfully present at the location when Defendants by their agents, servants and/or employees intentionally assaulted and battered the claimant herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimant herein committed any crime or offense.

23.     Plaintiff was verbally abused and subjected to verbal intimidation by

-4-

defendants; the force used - dragging her forcibly by the wrists through the store, was excessive.

24.     Plaintiff had not resisted or assaulted the defendant in any way, and such force as was used against her was unnecessary, unreasonable, and excessive.

25.     At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of herself or others. She had committed no criminal offenses.

26.     The defendant had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to seize the person of the plaintiff.

27.     All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with WAL-MART STORES, INC., d/b/a WAL MART . It was a conspiracy to deprive the plaintiff of her civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

28.     WAL-MART STORES, INC., d/b/a WAL MART had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiff herein to be assaulted.

29.     If  WAL-MART STORES, INC., d/b/a WAL MART had a policy of training their employees with respect to the proper use of force, same was not enforced.

30.     On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of  WAL-MART STORES, INC., d/b/a WAL MART which was known to them and/or ratified by WAL-MART STORES, INC., d/b/a WAL MART, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

31.     On information and belief, defendant WAL MART STORES, INC., d/b/a WAL MART had prior notice of the vicious propensities of their security staff but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train their staff included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

32.     On information and belief WAL-MART STORES, INC., d/b/a WAL MART authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

33.     As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiff suffered the following injuries and damages:

a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to his person:
b. Loss of her physical liberty;
c. Physical pain and suffering and emotional trauma and suffering.

34.     The actions of the defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

a. Freedom from unreasonable search and seizure of her person.
b. Freedom from the use of excessive, unreasonable and unjustified use of force against her person.

### FEDERAL CAUSES OF ACTION
### COUNT I: 42 U.S.C. SECTION 1983 AGAINST
### WAL-MART STORES, INC., d/b/a WAL MART

35.     Paragraphs 1-34  are incorporated herein by reference as though fully set forth.

36.     Prior to January 17, 2012,  WAL-MART STORES, INC., d/b/a WAL

MART developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in their stores, which caused the violation of plaintiff's rights.

37.    It was the policy and/or custom of WAL-MART STORES, INC., d/b/a WAL MART to inadequately and improperly investigate citizen complaints of their security staff misconduct, and acts of misconduct were instead tolerated by WAL-MART STORES, INC., d/b/a WAL MART.

38.    It was the custom and policy of WAL-MART STORES, INC., d/b/a WAL MART to inadequately supervise and train and retain and hire their security officers thereby failing adequately to discourage further constitutional violations on the part of their security officers. WAL-MART STORES, INC., d/b/a WAL MART did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

39.    As a result of the above described policies and customs, security officers of WAL-MART STORES, INC., d/b/a WAL MART, believed that their actions would not be properly monitored by supervisory staff and that misconduct would not be sanctioned or investigated, but would be tolerated.

40.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of WAL-MART STORES, INC., d/b/a WAL MART to the constitutional rights of persons within their stores and were the cause of the violations of plaintiff's rights alleged herein.

41.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against WAL-MART STORES, INC., d/b/a WAL MART for violation of her constitutional rights under color of law, in the amount of One Million Dollars ($1,000,000).

## PENDENT CAUSES OF ACTION
## COUNT II. ASSAULT AND BATTERY

42.    The allegations of Paragraphs 1-41 are incorporated by reference herein

as though fully set forth.

43.     The security staff were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 21-34 above, and thereby assaulted and battered the plaintiff.

44.     The assault and battery aforesaid were without probable cause.

45.     The security staff detaining plaintiff were working within the scope of their employment when he committed the actions described above generally and specifically those actions delineated in paragraphs 21-34 above, and thereby assaulted and battered the plaintiff.

46.     As a result of the aforesaid assault and battery, the plaintiff  sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in the amount of one million dollars. ($1,000,000).

## COUNT III FALSE ARREST AND IMPRISONMENT

47.     The allegations of Paragraphs 1-46 are incorporated by reference herein as though fully set forth.

48. The security staff detaining plaintiff were working within the scope of their his authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 21-34 above, and thereby confined the plaintiff without privilege.

49.     The confinement aforesaid was without probable cause or privilege.

50.     The security staff detaining plaintiff were working within the scope of employment when he committed the actions described above generally and specifically those actions delineated in paragraphs 21-34 above, and thereby confined the plaintiff without privilege.

51.     As a result of the aforesaid confinement, the plaintiff sustained serious

–8–

and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in the amount of one million dollars. ($1,000,000).

### COUNT IV. NEGLIGENT RETENTION, TRAINING AND HIRING

52.    The allegations of paragraphs 1-51 are incorporated by reference herein as though fully set forth.

53.    WAL-MART STORES, INC., d/b/a WAL MART was responsible for hiring security officers  who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

54.    The defendant WAL MART STORES, INC., d/b/a WAL MART was negligent, reckless, and careless in the hiring of their security officers.

55.    The defendant WAL MART STORES, INC., d/b/a WAL MART negligently failed to investigate and determine whether their security officers were capable and competent.

56.    WAL MART STORES, INC., d/b/a WAL MART were responsible for retaining security officers who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

57.    The defendant WAL MART STORES, INC., d/b/a WAL MART was negligent, reckless, and careless in the retaining of their security officers, in that they knew or should have known based on information available to them that their security officers were not competent or capable, and/or exhibited vicious propensities.

58.    The defendant WAL MART STORES, INC., d/b/a WAL MART negligently failed to investigate and determine whether their security officers were capable and competent.

59.    WAL MART STORES, INC., d/b/a WAL MART were responsible for training security officers to render them competent and capable of properly carrying out their jobs without causing injury to persons including the plaintiff herein.

60.   The defendant WAL MART STORES, INC., d/b/a WAL MART was negligent, reckless, and careless in the training of their security officers, in that they failed to render such training would render the defendant security officers competent and capable, and/or ameliorate their vicious propensities.

61.   The defendant WAL MART STORES, INC., d/b/a WAL MART negligently failed to train their security officers and render them capable and competent.

62.   As a result of the aforesaid negligence, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in the amount of one million dollars. ($1,000,000).

## COUNT V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63.   The allegations of paragraphs 1-62 are incorporated by reference herein as though fully set forth.

64.   The defendant's security staff individual defendant were working within the scope of employment when he committed the actions described above generally and specifically those actions delineated in paragraphs 21-34 above, those actions were intentionally and/or recklessly performed.

65.   The defendants conduct jointly and severally was outrageous.

66.   The defendants joint and several conduct caused the plaintiff to suffer extreme emotional distress.

67.   As a result of the aforesaid intentional infliction of severe emotional distress, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and sufferred extreme emotional distress, in the amount of one million dollars. ($1,000,000).

## COUNT VI. MALICIOUS PROSECUTION

68.   The allegations of paragraphs 1-70 are incorporated by reference herein as though fully set forth.

-10-

69.    On January 17th, 2012, defendants filed false and legally insufficient criminal complaints against the plaintiff herein.

70.    At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

71.    Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiff.

72.    At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

73.    Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiff, each and every one of them.

74.    As a result of the aforesaid malicious prosecution, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in the amount of one million dollars. ($1,000,000).

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally, in the amount of six million dollars ($6,000,000)
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in the amount of one million dollars ($1,000,000)
e. Award such other and further relief as this Court may deem appropriate

Dated: White Plains, New York
June 12, 2012

JOHN P. GRILL (Grill9446)
LAW OFFICE OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(845) 225-9587

-11-